**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GARRICK SPAIN** | **CASE NO.  6:24-CV-01588** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DUFRESNE SPENCER GROUP L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION FOR LEAVE TO AMEND AND MOTION FOR REMAND filed by Plaintiff Garrick Spain.  [Doc. 20].  Defendants Dufresne Spencer Group, LLC d/b/a Ashley Homestore ("Ashley Homestore") and National Fire Insurance Company of Hartford ("National") do not oppose the instant motion.  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that both the Motion for Leave to Amend and Motion for Remand be GRANTED.

### Factual Background

Spain filed suit on October 15, 2024 in the 15th Judicial District Court, Lafayette Parish, Louisiana, naming Ashley Homestore and National as defendants.  [Doc. 1-2]. Invoking diversity jurisdiction under 28 U.S.C. § 1332, Defendants timely removed. [Doc. 1]. Defendants specifically alleged that Ashley Homestore is a citizen of Florida and Delaware, and that National is a citizen of Illinois.  [*Id.* at ¶¶ 5–7].  Considering Spain's Louisiana citizenship, Defendants asserted complete diversity among the parties.  [*Id.* at ¶ 8]. Defendants further alleged that Spain's claimed injuries could reasonably be expected to result in an amount in controversy exceeding the $75,000.00 jurisdictional threshold required by Section 1332(a).  [Doc. 1 at ¶¶ 9–15].

On December 19, 2024, the Court issued its first Scheduling Order, setting a jury trial on April 6, 2026. [Doc. 11]. On August 22, 2025, the parties jointly moved to continue the trial based on Spain's continued evaluation and treatment. [Doc. 16]. The Court granted the motion, continued the trial without date, and vacated portions of the Scheduling Order. [Doc. 17]. On August 29, 2025, a second Scheduling Order was issued setting a jury trial for March 1, 2027. [Doc. 19]. Pursuant to that Scheduling Order, the deadline for the joinder of parties and amendment of pleadings is August 27, 2026. [*Id.*]. Spain filed the instant motion on May 15, 2026, seeking leave to file an Amended Petition for Damages [Doc. 20-2] and to remand this suit to state court based on the lack of subject matter jurisdiction resulting from the proposed amendment. [Doc. 20]. A Notice of Motion Setting was issued. [Doc. 23]. Pursuant to that notice, oppositions were due within 21 days of the filing of the motion. [*Id.*]. No oppositions were filed; therefore, the motion is unopposed.[1]

## **Applicable Standards**

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend his complaint within 21 days of serving; within 21 days after service of a responsive pleading or a Rule 12 motion; or otherwise with the written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, courts generally presume leave should be granted, except where a "substantial reason" to deny leave exists, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in prior amendments, or undue prejudice to an opposing party. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir.

---

[1]    Spain filed the instant motions on May 15, 2026 but was issued a Notice of Deficiency on the same day, requiring him to refile the proposed order on letter-sized paper. [Doc. 21]. He filed the required corrective document on May 19, 2026. Thus, the Court construes the date of filing as May 19, 2026, making any opposition due on June 9, 2026.

2

2014) (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)).  Additionally, leave is properly denied where the proposed amendment would be futile.  *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

Post-removal amendment is also governed by 28 U.S.C. § 1447(e), which provides that

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Courts must, therefore, "scrutinize [the] amendment more closely than an ordinary amendment.  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1988).  Specifically, courts must balance the defendant's interest in maintaining a federal forum with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors:"

1. The extent to which the purpose of the amendment is to defeat federal jurisdiction;

2. Whether the plaintiff has been dilatory in asking for amendment;

3. Whether plaintiff will be significantly injured if the amendment is not allowed; and

4. Any other factors bearing upon the equities of the case.

*Id.*

Courts may also consider whether the plaintiff has a reasonable possibility of recovery against the proposed non-diverse defendant.  Where the plaintiff fails to demonstrate a claim as to which relief might be granted by the state court, no prejudice results from the denial of leave to amend.  In such circumstances, leave is properly denied as futile.  *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).

3

After considering the *Hensgens* factors, courts must balance the equities and determine whether amendment will be permitted.  If amendment is permitted, the suit must be remanded to the state court, even where the newly added non-diverse defendant is not indispensable.  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999).

**Analysis**

I.  Futility

This suit arises from a trip-and-fall injury in a retail furniture store on or about October 16, 2023.  On that date, Spain alleges that he was shopping in the Ashley Homestore located at 200 Westmark Boulevard in Lafayette, Louisiana when he "tripped and fell over an extension cord that was elevated above the ground."  [Doc. 1-2 at ¶¶ 3–4].  He claims he suffered "significant bodily injuries, requiring substantial medical care" as a result of this accident and seeks general and special damages.  [*Id.* at ¶ 8].

Spain originally named Ashley Homestore and National as defendants.  The proposed amendment [Doc. 20-2] seeks to add claims for negligence against three individual Ashley Homestore employees, namely, John Phillips (visual presentation manager), Don Whisnant (store manager), and Joseph Samuel (sales associate).  [Doc. 20-2 at ¶ 1].  Spain's proposed amendment alleges that he was following Samuel through the store shopping for furniture while holding his daughter in his arms when he tripped and fell over an extension cord in his path.  He alleges that Samuel failed to warn him of the hazard created by the extension cord; that Phillips created the hazard by negligently placing the extension cord on the store's floor; and that Whisnant failed to inspect the store, to warn patrons of the hazard, and to adequately train store employees.  [*Id.* at ¶¶ 7–9].

Spain's negligence claims are governed by Louisiana tort law.  *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64

4

(1938)).  Louisiana courts apply a duty-risk analysis to negligence claims, requiring proof of five elements:

> (1)    whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element).

*Hanks v. Entergy Corp.*, 944 So. 2d 564, 579 (La. 2006).

Pursuant to La. R.S. 9 :2800.6(A),

> [a] merchant owes a duty to person who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition…[including] a reasonable effort to keep the premises free of any hazardous conditions that might reasonably give rise to damage.

To impose liability on an individual store employee for negligence, a plaintiff must show: (1) that the principal or employer owes a duty of care to the plaintiff and a breach of that duty has caused damage to the plaintiff; (2) that the duty of the principal or employer was delegated to the employee; and (3) that the employee breached this duty through his personal fault by failing to discharge the delegated duty with the degree of care required by ordinary prudence under the same or similar circumstances.  Liability may not be imposed upon an employee merely as a result of his general administrative responsibility or function of employment, but rather, derives from the employee's personal duty owed to the injured plaintiff.  *Canter v. Koehring*, 283 So.2d 716, 720-21 (La. 1973), *superseded by statute on other grounds*, La. R.S. 23:1032.

Based on Ashley Homestore's discovery responses, Spain seeks to add negligence claims against three non-diverse individual store employees Phillips, Whisnant, and Samuel. [Doc. 20-2].  Each of these proposed defendants is alleged to be a citizen of Louisiana for

5

diversity jurisdiction purposes. [*Id.* at ¶ 1]. Spain's proposed amended complaint alleges that Phillips, Ashley Homestore's visual presentation manager, was responsible for the installation of the extension cord over which he tripped and fell. [*Id.* at ¶ 7]. Spain alleges that Whisnant, the store manager, was negligent in failing to inspect the premises and failing to notice and cure the hazard created by the extension cord. [*Id.* at ¶ 8]. Finally, Spain alleges that Samuel, a sales associate, negligently failed notice the hazard, failed to warn Spain of the hazard, and led him on a path which resulted in his tripping and falling. [*Id.* at ¶ 9].

In *Pitre v. Circle K Stores, Inc.*, the Court found that a plaintiff's negligence claim against a store employee was not meritless on its face where the plaintiff alleged that the employee was directly involved in the creation of the hazard. 2022 WL 4362291 at *3 (M.D. La. Aug. 26, 2022), *adopted by*, 2022 WL 4361737 (M.D. La. Sept. 20, 2022). In *Evans v. Cato Corp.*, this Court found that an employee could be individually liable in a case where plaintiff tripped and fell over shoeboxes stacked in an aisle. 2024 WL 5104149 (W.D. La. Oct. 16, 2024), *adopted by*, 2024 WL 5104542 (W.D. La. Oct. 31, 2024).

Considering the relevant jurisprudence and the fact that the instant motion is unopposed, this Court finds that Spain alleges sufficient facts to support negligence claims against Phillips and Samuel under Louisiana law. The proposed claim against Whisnant appears to be based on Whisnant's general employment duties as a store manager, rather than on some particular, identifiable duty to Spain. As cited above, an employee's general employment duties do not form the basis for individual liability under Louisiana law. Accordingly, this Court finds that the proposed amendment is not futile as to Phillips and Samuel but is futile as to Whisnant. The undersigned notes that this Court makes no

6

prediction of Spain's ultimate success on the merits of his proposed claims against Phillips and Samuel, as the appropriate inquiry is limited to the sufficiency of the proposed pleading.

II.    *Hensgens* Factors

Having determined that Spain demonstrates at least some possibility of recovery on his proposed claims against purported non-diverse Defendants Phillips and Samuel, this Court finds that the purpose of the proposed amendment is not to defeat diversity jurisdiction.  This Court finds that Spain has been somewhat dilatory in seeking this proposed amendment, as the discovery responses from which he learned the identity and roles of the individual employees he now seeks to add as defendants were received in March and May of 2025, yet the instant motion was not filed until May 15, 2026.  [Doc. 20].  If leave to amend were denied, this Court finds that Spain would be substantially prejudiced, as he would have to maintain parallel suits in state and federal court arising from the same trip and fall incident. Additionally, while a defendant has an interest in maintaining the federal forum gained by removal, the plaintiff's interest in proceeding in the state forum he initially selected is also significant.  Finally, this Court notes that, although trial is set in this matter, it is not close at hand and no opposition was asserted as to amendment or remand.

Taken together, these factors weigh in favor of amendment as to Phillips and Samuel, both of whom are non-diverse Louisiana citizens.  Accordingly, this Court will recommend that Spain be granted leave to amend his Complaint.  As Spain is also a citizen of Louisiana, the joinder of these parties defeats the Court's subject matter jurisdiction such that this Court will further recommend that this matter be remanded to state court.

## <u>Conclusion</u>

For the reasons discussed herein, the Court recommends that Plaintiff's pending MOTION FOR LEAVE TO AMEND AND MOTION FOR REMAND [Doc. 20] be GRANTED such that Plaintiff Garrick Spain be permitted to file his proposed First Supplemental and Amended

Petition for Damages [Doc. 20-2] and, thereafter, that this suit be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 25th day of June, 2026.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

8